IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Smith,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Edna Lara, et al.,<br><br>　　　　　Defendants. | No. CV-21-00322-TUC-SHR<br><br>**Order Re: In Forma Pauperis Status on Appeal** |

On October 29, 2021, the United States Court of Appeals for the Ninth Circuit referred Plaintiff Davis Smith's case to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Doc. 15; *David Smith-Garcia v. Edna Lara, et al.*, No. 21-16818, Docket Entry 2.)

According to his Notice of Appeal (Doc. 13), Plaintiff is appealing this Court's October 13, 2021 Screening Order (Doc. 8) "dismissing Count One of the Complaint." The Screening Order (Doc. 8) dismissed Count One (a *Bivens* claim against Defendants Lara and Smith for allegedly failing to protect him from being sexually assaulted by another inmate) because it raised the same claims of one of his other cases before this Court, *Smith v. United States, et al.*, No. CV 20-00289-TUC-SHR. Notably, Plaintiff appears to have understood Count One in the instant case was duplicative of Count Eleven in one of his other cases, as he filed a "Motion to Allow Duplicative Claim" with respect to Count One.

(Doc. 5.) Plaintiff first raised the failure-to-protect claim in No. CV 20-00289 (No. CV 20-00289 Doc. 23) and the Court dismissed the claim because it sought to extend *Bivens* in a new context (No. CV 20-00289 Doc. 39). Nearly one year later, Plaintiff sought to amend his complaint in No. CV 20-00289 and again brought his failure-to-protect claim in Count Eleven of his Third Amended Complaint (No. CV 20-00289 Doc. 200). Again, upon screening of that Third Amended Complaint, the Court dismissed the failure-to-protect claim because such a claim is not cognizable under *Bivens* (No. CV 20-00289 Doc. 199).

In the instant case, which was recently closed (Docs. 11, 12), Plaintiff again sought to bring a *Bivens* claim against Defendants Lara and Smith for their alleged failure to protect him from being sexually assaulted by another inmate in Count One of his Complaint (Doc. 1). Again, the Court dismissed Count One, explaining:

> Plaintiff raised the claims in Count One in his previously filed case, Smith v. United States, CV 20-00289-TUC-SHR. Plaintiff seeks permission to raise the claims again in this case because he believes the "Bivens Eighth Amendment claim against Defendant Lara and Defendant Smith had not been properly exhausted through the Federal Bureau of Prisons' administrative remedy program, although the Plaintiff had originally believed it had." (Doc. 5 at 1.)
> 
> On October 30, 2020, the Court issued a screening Order (Doc. 39 in CV 20-00289) of Plaintiff's Second Amended Complaint that, in part, dismissed Plaintiff's Eighth Amendment failure to protect claims against Defendants Smith and Lara because the Court declined to extend the Bivens remedy to such claims. The Court did not consider whether the claim was properly exhausted and Defendants have not raised the issue of exhaustion. Moreover, the Court allowed Plaintiff's claim under Federal Tort Claims Act (FTCA), which was based on the same facts, to proceed. In addition, Plaintiff has filed a Third Amended Complaint in CV 20-00289 that re-asserts his Eighth Amendment Bivens claims.
> 
> Although the Court dismissed without prejudice Plaintiff's Eighth Amendment Bivens claims in CV 20-00289, no final ruling has been issued on any of Plaintiff's claims in that case. *See California v. Campbell*, 138 F.3d 772, 776

(9th Cir. 1998) (A district court's decision in a civil case is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Indeed, due to Plaintiff's numerous filings in CV 20-00289, the Court only recently screened his Third Amended Complaint, and that case has been stayed until a Scheduling Order is issued.

A litigant has "'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].'" *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir. 1977)); see also *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224, (7th Cir. 1993) (where there are no significant differences between claims, parties and relief sought in two pending cases, one may be dismissed as duplicative); *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (judge "acted within his discretion" in dismissing one of two identical cases). Accordingly, the Court will deny Plaintiff's Motion to Allow Duplicative Claim and dismiss Count One of the Complaint.

As explained by the Ninth Circuit, revocation of in forma pauperis status is appropriate when an appeal is frivolous. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). In *Ellis v. United States*, the United States Supreme Court explained:

> The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.' 28 U.S.C. § 1915, 28 U.S.C.A. § 1915. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. *Farley v. United States*, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529. The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed. R. Crim. Pro. 39(a), 18 U.S.C.A., the request of an indigent for leave to appeal in forma pauperis must be allowed.

356 U.S. 674, 674–75 (1958). Although the appeal in *Ellis* was from a criminal conviction,

the Ninth Circuit has applied the *Ellis* test to civil cases such as the one here, because § 1915 applies to both criminal and civil proceedings.  *See John v. Gibson*, 270 F.2d 36, 39 (9th Cir. 1959).

Because Plaintiff's claim for failure to protect has been dismissed multiple times in multiple cases as non-cognizable under *Bivens*, the Court finds Plaintiff's appeal is frivolous and declines to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** Plaintiff's appeal is frivolous and therefore not taken in good faith.

**IT IS FURTHER ORDERED** Plaintiff's in forma pauperis status for this case is revoked.

**IT IS FURTHER ORDERED** this case shall remain closed.

Dated this 1st day of November, 2021.

Honorable Scott H. Rash
United States District Judge